# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWIGHT RHODES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:15-CV-00432 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Dwight Rhodes' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) The Government has filed a Response (Doc. No. 9), and Movant filed a Reply (Doc. No. 15). The matter is, therefore, ready for disposition. Because the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the record, the Court decides this matter without an evidentiary hearing.

### I.  **Background**[1]

On October 20, 2011, a federal grand jury returned a four-count indictment against Movant, charging him with (1) possession of marijuana in violation of 21 U.S.C. § 844(a) (Count I); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count II); (3) using and maintaining a premises for the purpose of distributing and using a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count III); and (4) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count IV). After a two-day jury trial on June 25 and 26, 2012, Movant was found guilty on all four counts. On

---

[1] The criminal proceedings that underlie Petitioner's § 2255 motion can be found at United States v. Rhodes, 4:11-CR-00441-JAR-1.

September 27, 2012, Movant was sentenced to concurrent terms of 12 months on Count I and 94 months on Counts II and III, and a consecutive term of 60 months on Count IV, for a total term of imprisonment of 154 months.

Movant appealed to the Eighth Circuit Court of Appeals, arguing that the trial court erred in denying his motion for judgment of acquittal on Count III because the evidence was insufficient to prove that his purpose in using or maintaining the premises in question was to distribute a controlled substance. The Eighth Circuit rejected his argument and affirmed this Court's judgment and sentence on September 13, 2013. United States v. Rhodes, 730 F.3d 727 (8th Cir. 2013). His petition for writ of certiorari was denied by the United States Supreme Court on March 10, 2014. Rhodes v. United States, 134 S. Ct. 1525 (2014). On March 9, 2015, Movant timely filed *pro se* the pending motion under 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel. On September 11, 2017, Movant filed a motion to amend his § 2255 motion on the grounds that 18 U.S.C. § 924 is "void for vagueness."

**II.　Standard of review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, the error of which the movant complains must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (quotation and citation omitted); United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Section 2255 does not provide a means for movants to relitigate the merits of the evidence presented at their trial. See Houser v. United States, 508 F.2d 509, 513-14 (8th Cir. 1974) ("Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.").

Procedural default may limit the relief available to a § 2255 movant. First, a movant cannot raise a claim that was previously raised and decided on direct appeal. United States v. Davis, 406 F.3d 505, 511 (8th Cir. 2005). Second, a movant cannot raise a non-constitutional or non-jurisdictional claim that could have been raised on direct appeal but was not. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Third, a movant cannot raise a constitutional or jurisdictional claim that was not raised on direct appeal unless he "can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001). However, a movant may raise a claim of ineffective assistance of counsel for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

If a movant's claim is not procedurally barred, the Court must hold an evidentiary hearing to consider it, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a movant's claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

### III. Discussion

#### A. § 2255 motion

Movant seeks relief on the grounds that his counsel was ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test a § 2255 movant must satisfy in order to prevail on a claim of ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

A § 2255 movant seeking to prevail on a claim of ineffective assistance of counsel faces "a heavy burden." Apfel, 97 F.3d at 1076. Under Strickland's first prong, a court reviewing counsel's performance must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. Under Strickland's second prong, a movant can demonstrate prejudice only by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court may address these prongs in any order; failure to satisfy either is dispositive. Id. at 697. See also Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.") (citation omitted). In his § 2255 Motion, Movant makes six allegations of ineffective assistance of counsel. The Court will consider each of these allegations, in turn.

### 1. Motion to suppress evidence

Movant first alleges his counsel was ineffective for failing to raise on direct appeal whether or not the District Court erred in denying his motion to suppress. (Doc. No. 1 at 4.) A review of the record shows that on November 25, 2011, Movant's counsel filed a motion to suppress evidence and statements. Specifically, counsel moved to suppress Movant's admission that he possessed marijuana, as well as the marijuana found on his person, because the police lacked probable cause or reasonable suspicion to stop the vehicle in which Movant was a passenger. Counsel also moved to suppress the .40 caliber semi-automatic pistol, drugs, scale, and other evidence seized from Movant's residence and his various admissions, because the affidavit in support of the search warrant contained false information that was necessary to the finding of probable cause.

The motion to suppress was addressed in an evidentiary hearing on December 29, 2011, where Movant's counsel cross-examined the Government's witnesses, presented evidence and argued the merits of the motion. After extensive briefing, United States Magistrate Judge Baker found that based on the totality of the circumstances, there was probable cause to detain and arrest Movant and to search the residence, and recommended that the motion to suppress be denied in its entirety. This Court adopted the Report and Recommendation over defense counsel's objection and denied the motion to suppress.

Appellate counsel does not have a duty "to advance every argument, regardless of merit, urged by the defendant." Evitts v. Lucey, 469 U.S. 387, 382 (1985). Moreover, counsel has discretion to abandon losing issues on appeal. Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996) (internal citation omitted). To show that his attorney was deficient in failing to raise the claim on appeal, Movant must show a reasonable likelihood that, but for his attorney's error, the result on

appeal would have been different. Id. (citing Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir.1987)). Absent contrary evidence, the failure to raise a claim is assumed to be an exercise of "sound appellate strategy." United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal citation omitted).

Movant's counsel argued the merits of the motion to suppress at the suppression hearing and extensively briefed the legal and factual basis for the motion. The Magistrate Judge considered the evidence and recommended denial and this Court denied the motion, finding there was probable cause to detain and arrest Movant and to search the residence. For these reasons, Movant's likelihood of success on appeal on the motion to suppress issue was remote. Further, Movant has presented no evidence establishing that counsel's failure to raise this issue was anything other than an exercise of sound appellate strategy.

In his reply/traverse, Movant asserts that his counsel "failed to file a motion to suppress based on an illegal stop/illegal search in regards to a Terry stop"[2] and/or to raise the issue on direct appeal. (Doc. No. 15 at 18.) Movant contends the officers lacked reasonable suspicion to detain him after stopping the car in which he was riding (id. at 19-20), the same argument raised in the motion to suppress. For the reasons discussed above, this claim lacks merit. To the extent this could be considered an additional Fourth Amendment claim, Movant has waived it by not raising it in his original § 2255 motion. Hohn v. United States, 193 F.3d 921, 924 & n. 2 (8th Cir. 1999) (declining to address claim raised for first time in a § 2255 reply brief); Wright v. United

---

[2] A "Terry Stop" is a stop of a person by law enforcement officers based upon "reasonable suspicion" that a person may have been engaged in criminal activity, whereas an arrest requires "probable cause" that a suspect committed a criminal offense. The name comes from the standards established in Terry v. Ohio, 392 U.S. 1 (1968). In Terry, the issue was whether police should be able to detain a person and subject him to a limited search for weapons without probable cause for arrest. The Court held that police may conduct a limited search of a person for weapons that could endanger the officer or those nearby, even in the absence of probable cause for arrest and any weapons seized may be introduced in evidence.

States, 139 F.3d 551, 553 (7th Cir. 1998) (stating that an argument not raised in an initial § 2255 motion should be considered waived even if the defendant is *pro se.*); Smith v. United States, No. 05-5057CV SW RED, 2006 WL 2338254, at *2 (W.D. Mo. Aug. 14, 2006), aff'd, 256 F. App'x 850 (8th Cir. 2007).

Accordingly, Ground 1 will be denied.

**2. Motion in limine**

Next, Movant alleges his counsel was ineffective for failing to raise on direct appeal whether or not the District Court erred in denying his motion in limine. (Doc. No. 1 at 4.) The Court notes that Movant's allegation is factually inaccurate. The record reflects that defense counsel filed one motion in limine on Movant's behalf to exclude the introduction of hearsay evidence, including 911 calls, a nuisance report, and an informant tip. At the final pretrial conference, the Assistant United States Attorney represented that he did not intend to introduce evidence of the 911 calls or the nuisance report. With regard to the informant tip, the Court granted the motion and directed that witnesses could not refer to the information the confidential informant provided law enforcement, other than to state that they were acting in response to information regarding activity at 4535 Evans involving Movant. Counsel cannot be ineffective for failing to appeal a ruling in his client's favor.

In his reply/traverse, Movant asserts that because the confidential informant was unavailable at trial, his counsel should have moved for a mistrial and/or objected to the informant's information as hearsay. (Doc. No. 15 at 27-29.) To the extent this could be construed as a separate claim, Movant has waived it by not raising it in his original § 2255 motion. Hohn, 193 F.3d at 924 & n. 2; Wright, 139 F.3d at 553. Moreover, because the informant's information was not offered for the truth of the matters asserted, but rather to establish why the officers were

conducting surveillance in the area, no hearsay evidence was presented. Accordingly, Ground 2 will be denied.

### 3. Failure to perform proper pre-trial investigation

For his third ground for habeas relief, Movant contends his counsel was ineffective for failing "to perform proper pre-trial investigation," but fails to specify what pre-trial investigation his counsel failed to perform. In his reply/traverse, Movant asserts that his counsel's failure to properly research and/or investigate his case resulted in an unconstitutional enhancement of his sentence under 18 U.S.C. § 924(c), because possession of marijuana, 21 U.S.C. § 844(a), and maintaining a drug premises, 21 U.S.C. § 856(a)(1), do not qualify as "crimes of violence," citing Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 15 at 7-17.)

In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. 135 S. Ct. at 2557-58. Johnson applies only to sentences enhanced under the ACCA. Because Movant's sentence was not enhanced under the ACCA, see 4:11-CR-00441, Doc. No. 108 at 7, Johnson has no application to his case. Further, the Supreme Court's holding in Johnson does not apply to the Sentencing Guidelines. Beckles v. United States, 137 S. Ct. 886 (2017). To the extent Movant is arguing that his § 924(c) charge is affected by Johnson, that argument is foreclosed by Eighth Circuit precedent. See United States v. Prickett, 830 F.3d 760 (8th Cir.), on reh'g, 839 F.3d 697 (8th Cir. 2016) (holding that Johnson does not apply to the residual clause of 18 U.S.C. § 924(c))). Accordingly, Ground 3 will be denied.

### 4. Failure to call witnesses at trial and at suppression/Franks hearing

For his fourth ground Movant states that his counsel was ineffective for "fail[ing] to call witnesses at trial and at Suppression/Franks Hearing." Movant does not identify which witnesses

8

should have been called or how those witnesses would have testified. Absent a showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, Movant has failed to prove either that counsel's assistance was ineffective, or prejudice. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (internal citations omitted). See also Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Therefore, Ground 4 will be denied.

**5. Failure to argue at Franks/suppression hearing that call where [sic] false**

In this ground, Movant contends his counsel was ineffective for failing to argue at the suppression hearing that calls made to the police by his former girlfriend Larmetta Moore, were false. (Doc. No. 15 at 22-27.) The record refutes Movant's claim.

At the suppression hearing, defense counsel specifically challenged the "suspicious calls" that had been placed to the police and had been used to support the affidavit. The entire focus of Movant's Memorandum in Support of his Request for a Franks Hearing was on the validity and substance of these calls, arguing that the written call logs established the calls were "unreliable" and that each call was "coded unfounded or no report needed." Defense counsel argued that "[e]ven if Detective Garcia simply reviewed the call logs before preparing the affidavit, he would have been on notice that the allegations in the calls were unreliable. If he listened to the actual calls, it would have become even more apparent that the calls were baseless." Defense counsel continued to challenge the validity and substance of the calls throughout the motion hearing and raised the issue again in post-hearing briefs. As defense counsel challenged the validity and substance of the police calls, Ground 5 has no merit and will, therefore, be denied.

9

### 6. Failure to challenge validity of search warrant

Lastly, Movant asserts his counsel was ineffective for failing to challenge the validity of the search warrant. (Doc. No. 1 at 5.) This claim is also refuted by the record. First, defense counsel filed a motion to suppress the evidence and statements, arguing that the evidence seized from Movant's residence should be suppressed because the affidavit in support of the search warrant contained false information. Counsel also requested a <u>Franks</u> hearing. Second, at the evidentiary hearing, defense counsel continued to challenge the validity of the search warrant. Third, the parties engaged in additional extensive post-hearing briefing, during which defense counsel pursued its challenge to the search warrant. Fourth, defense counsel filed objections to the magistrate court's denial of Movant's motion to suppress. As such, counsel's performance has not been shown to be deficient under the <u>Strickland</u> guidelines. Ground 6 will be denied.

### B. Motion to amend

Also pending before the Court is Movant's motion to amend his § 2255 motion. Movant argues that 18 U.S.C. § 924(c) is unconstitutionally vague and urges the Court to "hold" his petition pending <u>Dimaya v. Lynch,</u> 803 F.3d 1110 (9th Cir. 2015), and to consider reducing the underlying offense pursuant to <u>Dean v. U.S.</u>, 137 S. Ct. 1170 (2017).

In <u>Dimaya</u>, the Ninth Circuit held that, under the Supreme Court's decision in <u>Johnson</u>, the definition of "crime of violence" set forth in 18 U.S.C. § 16(b) – as incorporated into the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F) – is unconstitutionally vague. See <u>Dimaya</u>, 803 F.3d at 1120. But in <u>Dimaya</u>, the Ninth Circuit panel expressly limited its holding to the constitutionality of 18 U.S.C. § 16(b) as incorporated into the INA. <u>Id</u>. at 1120 n.17 ("Our decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. §

16(a)'s definition of a crime of violence.").[3] Thus, the decision in Dimaya has no application here.

In Dean, the Supreme Court held that a sentencing court may consider the mandatory minimum for using a firearm in connection with a violent or drug trafficking crime when calculating the sentence for the predicate offense. Id. at 1178. However, Dean does not apply retroactively to § 2255 proceedings under the criteria set forth in Teague v. Lane, 489 U.S. 288, 311-26 (1989). United States v. Taylor, No 7:17CV81229, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017) (citations omitted). Because Dean was decided after Movant submitted his § 2255 motion, the decision is likewise inapplicable. In view of the foregoing, Movant's request for leave to amend is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Movant's Motion to Amend [25] is **DENIED**.

**IT IS FINALLY ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 20th day of February, 2018.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that the Supreme Court granted a petition for writ of certiorari in Dimaya. See Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).