UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWIGHT RHODES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-00432 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This closed federal habeas matter under 28 U.S.C. § 2255 is before the Court on Petitioner Dwight Rhodes ("Rhodes")'s Motion for Relief from Judgment and Order Under Rule 60(b)(6). (Doc. No. 35). Respondent filed its Response to Court Order (Doc. No. 39); Rhodes did not file a reply and the time for doing so has passed. The motion is therefore fully briefed and ready for disposition.

**Background**

On October 20, 2011, a federal grand jury returned a four-count indictment against Rhodes, charging him with (1) possession of marijuana in violation of 21 U.S.C. § 844(a) (Count I); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count II); (3) using and maintaining a premises for the purpose of distributing and using a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count III); and (4) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count IV). United States v. Rhodes, No. 4:11-CR-00441-JAR-1 (E.D. Mo.). After a two-day jury trial on June 25 and 26, 2012, Rhodes was found guilty on all four counts.

On September 27, 2012, Rhodes was sentenced to concurrent terms of 12 months on Count I and 94 months on Counts II and III, and a consecutive term of 60 months on Count IV, for a total term of imprisonment of 154 months. On appeal to the Eighth Circuit, Rhodes argued that the trial court erred in denying his motion for judgment of acquittal on Count III because the evidence was insufficient to prove that his purpose in using or maintaining the premises in question was to distribute a controlled substance. The Eighth Circuit rejected his argument and affirmed this Court's judgment and sentence on September 13, 2013. United States v. Rhodes, 730 F.3d 727 (8th Cir. 2013). His petition for writ of certiorari was denied by the United States Supreme Court on March 10, 2014. Rhodes v. United States, 134 S. Ct. 1525 (2014).

On March 9, 2015, Rhodes timely moved to vacate his sentence under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective in the following respects: (1) by failing to raise on direct appeal whether or not the District Court erred in denying his motion to suppress evidence; (2) by failing to raise on direct appeal whether or not the District Court erred in denying his motion in limine; (3) by failing to perform proper pre-trial investigation; (4) by failing to call witnesses at trial and at the suppression hearing; (5) by failing to argue at the suppression hearing that calls made to the police by his former girlfriend were false; and (6) by failing to challenge the validity of the search warrant. On September 11, 2017, Rhodes filed a motion to amend his § 2255 motion on the grounds that 18 U.S.C. § 924 is "void for vagueness" and urged the Court to "hold" his § 2255 motion pending the appeal in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), and to consider reducing the underlying offense pursuant to Dean v. U.S., 137 S. Ct. 1170 (2017).

The Court denied Rhodes' § 2255 motion and his motion to amend, finding that the decisions in Dimaya and Dean were inapplicable to his case. (Doc. No. 26, 27). The Court also

declined to issue a certificate of appealability because he could not make a substantial showing of the denial of a constitutional right. On March 6, 2018, Rhodes appealed the Court's order denying his § 2255 motion; on June 25, 2018, the Eighth Circuit denied Rhodes' application for a certificate of appealability and dismissed his appeal. Rhodes v. United States, No. 18-1543, 2018 WL 4354411 (8th Cir. June 25, 2018).

On July 24, 2018, Rhodes moved to reopen this closed § 2255 case pursuant to Fed. R. Civ. P. 60(b)(6). In support of his motion, Rhodes focuses on the first sentence in the following footnote to the Eighth Circuit's opinion affirming his conviction and sentence:

> Neither counsel addresses how the § 856(a)(1) count impacted Rhodes's sentence, which was within the advisory guidelines range. The PSR grouped the count with a firearm offense that had a higher offense level. See U.S.S.G. § 3D1.3(a). Defense counsel argued to the district court that acquittal on this count "would also necessitate the dismissal of Count IV," a second firearm offense that carried a mandatory, consecutive 60-month sentence. But this was not argued on appeal.

Rhodes, 730 F.3d at 782, fn. 2. Rhodes argues this is "proof of counsels' [sic] ineffective assistance in violation of Strickland ... and structural error in violation of Fifth Amendment Due Process Clause." Rhodes further argues that counsel's failure to address the grouping of closely related counts as instructed by Section 3D1.3 of the Sentencing Guidelines caused his sentence to be "inadequate" and unconstitutional. Respondent opposes the motion, arguing that it is in fact a second or successive collateral attack under § 2255 and should be dismissed for failure to obtain authorization from the Eighth Circuit.

**Standard of review**

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Court determines a Rule 60(b) motion to be a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Court of Appeals, or alternatively transfer the motion to the Eighth Circuit. Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 ... action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A petitioner may use a Rule 60(b) motion to challenge a procedural ruling of the habeas court or a defect in the integrity of his federal habeas proceedings, but a motion attacking the merits of the denial of a claim in a prior habeas proceeding or asserting or reasserting a federal basis for relief from the underlying conviction must be treated as a second or successive section habeas petition. Id. at 530-32.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, imposes three requirements on successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be

dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez, 545 U.S. at 529. While Rule 60(b) allows a habeas petitioner to seek relief from final judgment and request reopening of his case, the rule only applies to the extent that it is consistent with AEDPA. Id. at 529.

**Discussion**

In support of his motion, Rhodes argues that his counsel's failure to address how the § 856(a)(1) Count impacted his sentence was deficient under Strickland and rendered the sentencing process fundamentally unfair in violation of his substantive and procedural rights. Respondent responds that Rhodes is seeking to vacate his conviction and sentence rather than correct an irregularity in his earlier habeas proceedings. As such, his motion is actually a successive § 2255 motion and must be dismissed.

After careful review of the Court's previous decision on Rhodes' habeas petition and the present Rule 60(b)(6) motion, the Court concludes that Rhodes' motion is improper because it seeks to assert or reassert a federal basis for relief from his conviction.[1] To the extent he seeks to bring new claims for habeas relief, Rhodes must obtain leave from the Eighth Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Because Rhodes did not obtain advance authorization from the Eighth Circuit Court of Appeals to file his motion, as required by AEDPA, the Court will dismiss it. See Boyd, 304 F.3d at 814.

Even if this Court were to construe Rhodes' motion under Rule 60(b)(6) and not as a successive § 2254 petition, he is still not entitled to relief. Relief under Rule 60(b)(6) is only

---

[1] Even if it were objectively unreasonable not to challenge the grouping of counts for sentencing purposes, and the Court does not suggest it was, Rhodes cannot show that his sentence would have been different had such a challenge been made since it was within the advisory guideline range.

available in "extraordinary circumstances," Gonzalez, 545 U.S. at 535, and Rhodes has failed to present any such circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment and Order Under Rule 60(b)(6) [35] is **DENIED** to the extent the motion is treated as a Rule 60(b) motion, and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

_____
JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of March, 2019.